UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY JEANETTE PRINCE,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

NO.  C13-811-RSM-JPD

REPORT AND
RECOMMENDATION

Plaintiff Kelly Jeanette Prince appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for additional proceedings.

I.       FACTS AND PROCEDURAL HISTORY

Plaintiff is a 40-year-old woman with a ninth-grade education and no GED. Administrative Record ("AR") at 120, 137.  Her past work experience includes employment as a retail production worker and in retail customer service, and she formerly owned a children's store.  AR at 137, 142.  Plaintiff was last gainfully employed in November 2009.  AR at 136.

On June 16, 2010, Plaintiff filed an application for SSI payments. AR at 120-23. At the administrative hearing, she amended her alleged onset date from November 15, 2009, to June 3, 2010. AR at 39. Plaintiff asserts that she is disabled due to sleep apnea, hypertension, high blood pressure, and obesity. AR at 136.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 63-66, 70-71. Plaintiff requested a hearing, which took place on November 29, 2011. AR at 36-59. On January 27, 2012, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 21-31. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review. AR at 1-5. On May 8, 2013, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 5.

## II.      JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Prince bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can

---

[1] SGA is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

perform other work that exists in significant numbers in the national economy, taking into

consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§

404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

claimant is unable to perform other work, then the claimant is found disabled and benefits may

be awarded.

V.      DECISION BELOW

On January 27, 2012, the ALJ found:

1.   The claimant has not engaged in SGA since June 3, 2010, the application date.

2.   The claimant's borderline intellectual functioning versus a learning disorder, obesity, sleep apnea, and narcolepsy without cataplexy are severe.

3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4.   The claimant has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that the claimant can only occasionally lift and carry twenty pounds and frequently lift and carry ten pounds.  The claimant can stand or walk, with normal breaks, for at least two hours in an eight hour workday and can sit, with normal breaks, for six hours in an eight-hour workday.  Other than, for lifting and carrying, the claimant has no limitations for pushing and/or pulling, including operation of hand or foot controls.  Further the claimant can frequently balance, occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, but can never climb ladders, ropes or scaffolds.  Moreover, the claimant has no visual, manipulative, or communication limitations; however, she should avoid exposure to hazardous machinery or working around heights.  In addition, the claimant has the mental capability to adequately perform the mental activities generally required by competitive, remunerative work as follows: 1) the claimant can understand, remember, and carry out simple one- to two-step instructions required of unskilled work; 2) the claimant would have average or moderate ability to perform sustained work activities (i.e., can maintain attention and concentration, persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., eight hours a day, for five days a week, or an equivalent work schedule) within customary tolerances of employers' rules regarding sick leave and absences; and

       3) the claimant can make judgments on simple work-related decisions and respond appropriately to supervision, co-workers and deal with changes all within a stable work environment.

5.      The claimant is unable to perform any past relevant work.

6.      The claimant was born on XXXXX, 1973, and was 36 years old, which is defined as a younger individual age 18-44, on the date the application was filed.[2]

7.      The claimant has a limited education and is able to communicate in English.

8.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.     The claimant has not been under a disability, as defined in the Social Security Act, since June 3, 2010, the date the application was filed.

AR at 24-31.

## VI.    ISSUES ON APPEAL

The principal issues on appeal are:

1.      Whether the ALJ erred in assessing medical opinions provided by David Margelli, PA-C; Sarah Stoltz, M.D.; and Grace Grymes Chapman, ARNP.

2.      Whether the ALJ erred in discounting Plaintiff's credibility.

3.      Whether the ALJ erred at step five in finding that Plaintiff can perform other work.

Dkt. 18 at 2.

//

//

//

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

1

## VII.    DISCUSSION

2    A.    The ALJ Erred in Assessing Medical Opinion Evidence.

3        Plaintiff assigns error to the ALJ's assessment of three medical opinions, arguing that

4    the reasons provided by the ALJ for discounting those opinions are not specific and legitimate.

5    The Court will address the opinions in turn.

6        1.    *Legal Standards on Reviewing Medical Evidence*

7        As a matter of law, more weight is given to a treating physician's opinion than to that

8    of a non-treating physician because a treating physician "is employed to cure and has a greater

9    opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751;

10   *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion,

11   however, is not necessarily conclusive as to either a physical condition or the ultimate issue of

12   disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881

13   F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must

14   give clear and convincing reasons for doing so if the opinion is not contradicted by other

15   evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725

16   (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts

17   and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

18   (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her

19   conclusions. "He must set forth his own interpretations and explain why they, rather than the

20   doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

21   Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at

22   725.

23       The opinions of examining physicians are to be given more weight than non-examining

24   physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the

REPORT AND RECOMMENDATION - 7

1    uncontradicted opinions of examining physicians may not be rejected without clear and

2    convincing evidence.  *Id.*  An ALJ may reject the controverted opinions of an examining

3    physician only by providing specific and legitimate reasons that are supported by the record.

4    *Bayliss,* 427 F.3d at 1216.

5           In order to determine whether a claimant is disabled, an ALJ may also consider lay-

6    witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors.

7    *See* 20 C.F.R. § 404.1513(d).  Such testimony regarding a claimant's symptoms or how an

8    impairment affects his/her ability to work is competent evidence, and cannot be disregarded

9    without comment.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993); *see also* Social

10   Security Ruling 06-03p (noting that because "other" sources "have increasingly assumed a

11   greater percentage of the treatment and evaluation functions previously handled primarily by

12   physicians and psychologists," their opinions "should be evaluated on key issues such as

13   impairment severity and functional effects, along with the other relevant evidence in the file.").

14   If an ALJ chooses to discount testimony of an "other" source, he must provide "reasons that are

15   germane to each witness," and may not simply categorically discredit the testimony.  *Dodrill,* 12

16   F.3d at 919.

17          2.    *The Margelli/Stoltz Opinions*

18          Treating providers Mr. Margelli and Dr. Stoltz signed identical reports in November

19   2011, describing the effects of Plaintiff's obstructive sleep apnea.  AR at 347-50.  Mr. Margelli

20   and Dr. Stoltz treated Plaintiff together starting in 2007, and described Plaintiff's daytime

21   hypersomnia despite regular treatment and compliance.  *Id*.

22          The ALJ summarized the Magelli/Stoltz opinions and explained his assessment in one

23   sentence, with no citation to the record: "Little weight is given to these opinions, as they are

24

inconsistent with the evidence in the record." AR at 28.[3]  The ALJ does not indicate which

portions of the opinions are inconsistent with which portions of the record, which renders his

reasoning vague.  This conclusory finding does not amount to specific and legitimate

reasoning.  On remand, the ALJ shall reconsider the Margelli/Stoltz opinions and either credit

them or provide legally sufficient reasons to discount them.

          3.     *Chapman Opinion*

          Treating nurse Ms. Chapman completed a DSHS form opinion in September 2010,

indicating that Plaintiff can perform light work but only 1-10 hours per week.  AR at 313-14.

The ALJ indicated that he afforded little weight to this opinion because "Ms. Chapman, a nurse

practitioner, is not an acceptable medical source."  AR at 28.[4]  It is true that Ms. Chapman is

not an acceptable medical source, but her status alone is not a germane reason to discount her

opinion.  *See, e.g.*, *Tully v. Astrue*, 2013 WL 1314197, at *7 (D. Ida. Mar. 27, 2013) ("The ALJ

cannot discount the opinion of [a treating nurse practitioner] simply because it falls into the

category of 'not an acceptable medical source' for some purposes.").  On remand, the ALJ

shall reconsider Ms. Chapman's opinion and either credit it or provide germane reasons to

discount it.

          Because the ALJ erred in assessing the medical evidence, the Court cannot evaluate

whether the ALJ's RFC assessment and related step-five findings are erroneous.  On remand,

the ALJ shall consider his RFC assessment and findings at steps four and five in light of his

reassessment of the medical evidence.

---

[3] Although the Commissioner's briefing (Dkt. 22 at 10) suggests that the ALJ rejected
the Margelli/Stoltz opinions on the grounds that they addressed the ultimate issue of disability
(an issue that is reserved to the Commissioner), the ALJ did not state this reason as a basis for
discounting the opinions in his decision.  AR at 28.
[4] Although the Commissioner's briefing (Dkt. 22 at 11) suggests that the ALJ
discounted Ms. Chapman's opinion because it was inconsistent with the medical evidence, the
ALJ did not state this reason as a basis for discounting the opinion in his decision.  AR at 28.

REPORT AND RECOMMENDATION - 9

B.        The ALJ Did Not Err in Discounting Plaintiff's Credibility.

        The ALJ provided two reasons to discount Plaintiff's credibility, namely inconsistent daily activities and inconsistent objective medical evidence.  Plaintiff argues that the ALJ's reliance on her daily activities was erroneous, because the activities cited do not demonstrate that she can work full-time.  Dkt. 18 at 7.

        1.        *Legal Standards on Assessing a Claimant's Credibility*

        As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence.  A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis.  20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p.  First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms.  20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722.  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

        When evaluating a claimant's credibility, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.  The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record,

1    and testimony from physicians and third parties concerning the nature, severity, and effect of

2    the symptoms of which he complains.  *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec.*

3    *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

4                2.    *Daily Activities*

5            Plaintiff argues that the ALJ erred in discounting her credibility due to her activities,

6    because the activities cited do not establish that she can work full-time.  Plaintiff's argument

7    assumes that the only valid reason why an ALJ would rely on a claimant's daily activities

8    would be to cite them as evidence that a claimant can work.  She overlooks the other grounds

9    for considering a claimant's daily activities in assessing credibility: to identify inconsistencies

10   in the claimant's testimony.  *See Orn*, 495 F.3d at 639 (indicating that there are "two grounds

11   for using daily activities to form the basis of an adverse credibility determination": (1) citing

12   activities that contradict the claimant's other testimony, and (2) citing activities that

13   demonstrate transferable work abilities).

14           In this case, the ALJ noted that Plaintiff claimed that her impairments limited her

15   memory, and her ability to concentrate, understand, follow instructions, and complete tasks.

16   AR at 26.  She also claimed that she was unable to stand or sit for long periods of time, and is

17   fatigued every day.  *Id.*  The ALJ found these allegations to be inconsistent with her activities,

18   namely her ability to care for her young daughter as a single mother, care for pets,

19   independently complete her personal care and grooming activities, complete household chores

20   (cook, clean, launder and iron clothes, wash dishes, pay bills), drive and shop alone in stores,

21   comply with her medication regimen without special reminders, and use the computer to access

22   Facebook for a couple of hours per night.  AR at 26-27.  The ALJ also noted that Plaintiff was

23   able to take classes at a community college and volunteer at a school for four hours per day.

24   AR at 27.

REPORT AND RECOMMENDATION - 11

1    The ALJ reasonably construed Plaintiff's activities to be inconsistent with her

2    allegations of mental and physical limitations, and thus did not err.  *See Morgan v. Comm'r of*

3    *Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to

4    more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

5    Plaintiff's focus on whether the activities cited by the ALJ were performed under conditions

6    similar to SGA is irrelevant to the ALJ's rationale.  *See* Dkt. 18 at 7.

7    Furthermore, the ALJ also cited medical evidence that is inconsistent with Plaintiff's

8    allegations, including evidence showing that Plaintiff's sleep apnea was well controlled via a

9    CPAP machine, and that her mental impairments did not preclude the performance of simple

10    tasks or appropriate social interaction.  AR at 27 (citing AR 190, 299-304).

11    Because the ALJ provided clear and convincing reasons, based on inferences drawn

12    from substantial evidence in the record, to discount Plaintiff's credibility, his adverse

13    credibility determination should be upheld.

14                              VIII.   CONCLUSION

15    For the foregoing reasons, the Court recommends that this case be REVERSED and

16    REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

17    instructions.  A proposed order accompanies this Report and Recommendation.

18    Objections to this Report and Recommendation, if any, should be filed with the Clerk

19    and served upon all parties to this suit within **fourteen (14)** days of the date on which this

20    Report and Recommendation is signed.  Failure to file objections within the specified time may

21    affect your right to appeal.  Objections should be noted for consideration on the District

22    Judge's motion calendar for the third Friday after they are filed.  Responses to objections may

23    be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed,

24

the matter will be ready for consideration by the District Judge on May 2, 2014.

DATED this 15th day of April, 2014.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13